467 P.2d 908

**STATE of Arizona, Appellee,**

v.

**Warren Carl SHERRICK, Appellant.**

**No. 1325-2.**

Supreme Court of Arizona,
In Banc.
April 17, 1970.

Gary K. Nelson, Atty. Gen., by Carl Waag and William Dixon, Asst. Attys. Gen., Phoenix, for appellee.

Gerald F. Sullivan, Phoenix, for appellant.

STRUCKMEYER, Vice Chief Justice.

Warren Carl Sherrick was convicted of first degree murder and the jury assessed the death penalty. The conviction was affirmed, 98 Ariz. 46, 402 P.2d 1. He now appeals from an order of the Superior Court denying a motion for post conviction relief.

■ Sherrick urges that at his trial certain prospective jurors were improperly excluded for cause upon their voir dire examination, in violation of the holding in Witherspoon v. Illinois, 391 U.S. 510, 88 S. Ct. 1770, 20 L.Ed.2d 776. At Witherspoon's trial in Illinois, forty-two veniremen were excluded as jurors without any effort being made to find out whether their scruples would invariably compel them to vote against capital punishment. In reversing, the Supreme Court said:

> "Whatever else might be said of capital punishment, it is at least clear that its imposition by a hanging jury cannot be squared with the Constitution. The State of Illinois has stacked the deck against the petitioner. To execute this death sentence would deprive him of his life without due process of law." 391 U.S. at 523, 88 S.Ct. at 1778 20 L.Ed.2d at 785, 786.

Three jurors at Sherrick's trial were excluded because they did not believe in capital punishment on religious grounds, and another juror for the reason simply that he did not believe in the death penalty (see Appendix). None of the four were asked if their scruples would prevent them from bringing in a death sentence if the case were an appropriate one. Accordingly, we hold that Sherrick was unconstitutionally deprived of a fair trial.

In Footnote 22 of Witherspoon v. Illinois, supra, the Supreme Court stated that:

> " * * * the jury-selection standards employed here necessarily undermined 'the very integrity of the * * * process' that decided the petitioner's fate, * * * and we have concluded that neither the reliance of law enforcement officials, * * * nor the impact of a retroactive holding on the administration of justice, * * * warrants a decision against the fully retroactive application of the holding we announce today."

■ We hold that Sherrick has standing to prosecute this motion for post conviction relief.

Our attention has been directed to Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, in which Bumper was

found guilty of rape, an offense punishable in North Carolina by death unless the jury recommended a sentence of life imprisonment. The jury did recommend life imprisonment. However, on the argument that a jury qualified under the due process standards found wanting in Witherspoon must necessarily be biased with respect to a defendant's guilt, the court stated that there was no evidence to support the claim that the jury was necessarily prosecution prone. It declined to reverse the judgment of conviction for that reason.

We direct that this cause be remanded to the Superior Court for alternative proceedings, either: (1) If the State promptly indicates that it desires to re-try Sherrick for the crime of first degree murder invoking the death penalty, the court below shall set aside the judgment of conviction and proceed with a new trial. (2) But if the State does not so move for a new trial, the court below shall set aside the sentence of death and pronounce a sentence of life imprisonment.

Motion for post conviction relief granted with directions.

LOCKWOOD, C. J., and UDALL, McFARLAND, and HAYS, JJ., concur.

### APPENDIX

"THE COURT: * * * Now, Mr. Barnhart, again I will ask you if you have heard all of the questions that have been asked of the prospective jurors in this case, and would your answers be substantially the same as theirs?

PROSPECTIVE JUROR BARNHART: Well, I really don't believe in capital punishment, sir.

THE COURT: You do not believe in capital punishment?

PROSPECTIVE JUROR BARNHART: No.

THE COURT: And is this a religious conviction of yours?

PROSPECTIVE JUROR BARNHART: Yes, religious.

THE COURT: Very well. Mr. Barnhart may be excused."

R.T., Vol. I, p. 56, LL 2–17.

"THE COURT: Thank you very much, sir. Anyone else in the front row? You [sic] name, please?

THE PROSPECTIVE JUROR: Muriel Meinhardt.

THE COURT: Mrs. Meinhardt, do you entertain any religious or any other—

PROSPECTIVE JUROR MEINHARDT: Religious. I do not believe in capital punishment.

THE COURT: You do not believe in capital punishment. Mrs. Meinhardt will be excused.

We will call a juror in the place of Mrs. Meinhardt."

R.T., Vol. I, p. 61, LL 19–26, p. 62, LL 1–5.

"THE COURT: Can you think of any situation where your answer would have been other than that made by the other jurors?

PROSPECTIVE JUROR GONZALEZ: Just that capital punishment. I don't believe in it.

THE COURT: You do not believe in capital punishment? Is that by reason of your religious convictions?

PROSPECTIVE JUROR GONZALEZ: It is.

THE COURT: Very well. Then, Mrs. Gonzalez may be excused."

R.T., Vol. I, p. 92, LL 11–21.

"THE COURT: What is your response to any convictions or religious beliefs as to capital punishment?

PROSPECTIVE JUROR BAILEY: I don't believe in the death penalty.

THE COURT: You don't believe in the death penalty?

PROSPECTIVE JUROR BAILEY: No.

THE COURT: Then, Mr. Bailey, you may be excused and the Clerk will call another juror."

R.T., Vol. I, p. 98, LL 19–26, p. 99, LL 1–3.